UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ANDRES JIMENEZ,<br><br>          Plaintiff,<br><br>     vs.<br><br>DTRS ST. FRANCIS, LLC, ST. FRANCIS HOTEL CORPORATION *(A.K.A. THE WESTIN ST. FRANCIS)*, BOURBON STEAK, MICHAEL JUDGE; and DOES 1-25, inclusive,<br><br>          Defendants. | Case No:  C 12-06411 SBA<br><br>**ORDER**<br><br>Docket 17, 18 |

On December 18, 2012, Plaintiff Andres Jimenez ("Plaintiff") commenced the instant action alleging both federal and state law claims arising out of his arrest following an altercation with Defendant Michael Judge ("Judge") at The Westin Saint Francis hotel in San Francisco, California.  Compl., Dkt. 1.  On February 19, 2013, Plaintiff filed a first amended complaint ("FAC") against Defendants DTRS St. Francis, LLC ("DTRS St Francis"), St. Francis Hotel Corporation (*A.K.A. The Westin St. Francis*) ("St. Francis Hotel"), Bourbon Steak, and Judge.  See FAC, Dkt. 11.  The FAC alleges federal claims under 42 U.S.C. §§ 1981 and 1983, as well as state law claims for assault and battery and false arrest/false imprisonment.  See id.

The parties are presently before the Court on Defendants DTRS St. Francis and St. Francis Hotel's (collectively, "Defendants") motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure and motion to strike under Rule 12(f) of the Federal Rules of Civil Procedure.  Dkt. 17, 18.  Plaintiff opposes the motions.  Dkt. 20, 21.  Having read and considered the papers filed in connection with these matters and being fully informed,

the Court hereby GRANTS IN PART the motion to dismiss as to Plaintiff's federal claims and declines to address whether Plaintiff has pled a cognizable state law claim for false arrest/false imprisonment, and DENIES the motion to strike.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.     BACKGROUND

Plaintiff is a Mexican-American male.  FAC ¶ 1.  He resides in Oakland, California.  Id.  Defendants DTRS St. Francis and St. Francis Hotel are Delaware corporations that operate The Westin St. Francis hotel located at 335 Powell Street, San Francisco, California.  Id. ¶¶ 2-3.  Defendant Bourbon Steak is a Delaware corporation that operates a restaurant inside The Westin St. Francis.  Id. ¶ 4.  Defendant Judge is an "an agent and employee of Bourbon Steak and/or The Westin St. Francis Hotel."  Id. ¶ 5.

The FAC alleges that on or about March 17, 2012, he and his guest were harassed by Judge and falsely accused of "inappropriate behavior" while dining at Bourbon Steak.  FAC ¶ 7.  Following this incident, Plaintiff formally complained about Judge's conduct to the management of Bourbon Steak and The Westin St. Francis.  Id.  According to Plaintiff, he "has information and believes [that] Mr. Judge was made aware of [his] complaint."  Id.

Plaintiff alleges that on the evening of May 25, 2012, he was verbally taunted in a "provocative manner" by Judge as he was passing through the lobby of The Westin St. Francis.  FAC ¶ 9.  Later that same evening, Judge allegedly taunted Plaintiff again as he was leaving the hotel.  Id.  In response, Plaintiff approached Judge and "verbally responded to [his] taunts while holding his neck tie."  Id.  Thereafter, Judge and another employee of Bourbon Steak called hotel security and "falsely accused [him] of assault and battery."  Id.

As he was exiting the hotel, Plaintiff alleges that he was "tackled to the ground by two hotel security guards who ripped off his glasses and a conference I.D. badge, [and] handcuffed and detained him causing bodily injury."  FAC ¶ 10.  Plaintiff was subsequently arrested by San Francisco Police officers and taken into custody "based on the false allegations of . . . Judge."  Id.  On the morning of May 26, 2012, Plaintiff was released from

custody and issued a citation "notifying him he was arrested for misdemeanor battery." Id. However, criminal charges were not filed against Plaintiff. See id.

On or about May 27, 2012, Plaintiff contacted "agents" of The Westin Saint Francis and complained about his treatment and arrest on May 25, 2012. FAC ¶ 11. Plaintiff was informed by the "agents" that his complaint would be investigated. Id. According to Plaintiff, "his complaint was investigated and Defendants, The Westin St. Francis and Bourbon Steak, ratified the conduct of . . . Judge o[n] May 25th." Id.

## II. **LEGAL STANDARD**

Pleadings in federal court are governed by Federal Rule of Civil Procedure 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). A complaint may be dismissed under Rule 12(b)(6) for failure to state a cognizable legal theory or insufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain factual allegations sufficient to rise above the "speculative level." Id. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In determining whether a complaint states a claim for relief, the court "accept[s] all factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 900 (9th Cir. 2007). However, a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

inferences." In re Gilead Sciences Securities Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.  Where a complaint or claim is dismissed, "[l]eave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts." Knappenberger v. City of Phoenix, 566 F.3d 936, 942 (9th Cir. 2009).

## III.   DISCUSSION

### A.   Federal Claims

#### 1.   42 U.S.C. § 1983 - Civil Conspiracy

Defendants contend that dismissal of Plaintiff's conspiracy claim is appropriate because they are not state actors and Plaintiff has failed to allege facts establishing a conspiracy between Defendants and a state actor.  See Defs.' Mtn. to Dismiss at 4-5.

To state a claim for relief under § 1983, a plaintiff must establish that the defendant (1) acted under color of state law, and (2) caused a deprivation of a constitutional right. Johnson v. Knowles, 113 F.3d 1114, 1117 (9th Cir. 1997).  Section 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted).  Indeed, "private parties are not generally acting under color of state law." Price v. Hawaii, 939 F.2d 702, 707-708 (9th Cir. 1991).  "When addressing whether a private party acted under color of law, [courts] start with the presumption that private conduct does not constitute governmental action." Sutton v. Providence St. Joseph Medical Center, 192 F.3d 826, 835 (9th Cir. 1999) (citing Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992) ("Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes.")).

Courts have used four tests to determine whether the actions of a private party amount to state action.  See Sutton, 192 F.3d at 835-836.  One of the tests is the joint action

- 4 -

test relied upon by Plaintiff.  See Pl.'s Opp. at 3.  Under this test, a private party may be liable under § 1983 if he "conspired or entered [into] joint action with a state actor."  See Franklin v. Fox, 312 F.3d 423, 441, 445 (9th Cir. 2002) ("A plaintiff may demonstrate joint action by proving the existence of a conspiracy or by showing that the private party was 'a willful participant in joint action with the State or its agents.' ").  In order to allege a conspiracy under § 1983, a plaintiff must show "an agreement or 'meeting of the minds' to violate constitutional rights."  Id. at 441.  "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy," i.e., the goal of violating plaintiff's constitutional rights.  Id. at 441, 445.  The Ninth Circuit requires a "substantial degree of cooperation" between the government and a private party before finding such a conspiracy.  Id. at 445.

To state a claim for conspiracy to violate one's constitutional rights under § 1983, a plaintiff must state specific facts to support the existence of the claimed conspiracy.  Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 929 (9th Cir. 2004) (internal quotation marks and citation omitted).  Conclusory allegations of a conspiracy are not enough to support a § 1983 conspiracy claim.  Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989).

In support of his conspiracy claim, Plaintiff incorporates by reference all prior allegations in the FAC and then only alleges as follows:

> Defendants and their agents conspired with San Francisco Police officers, acting under color of state law, to accomplish a violation of the plaintiff's constitutional rights by intentionally restricting plaintiff's freedom of movement and causing his arrest.  There was no probable cause that a crime had been committed for which Defendants or a law enforcement officer could arrest plaintiff.

FAC ¶ 18.

The Court finds that Plaintiff has failed to plead sufficient facts to withstand Defendants' motion to dismiss.  Although not explicitly stated, it appears that Plaintiff's conspiracy claim is predicated on his alleged unlawful arrest and imprisonment in violation of his Fourth Amendment rights.  See Dubner v. City and Cnty. of San Francisco, 266 F.3d 959, 964 (9th Cir. 2001) ("A claim for unlawful arrest is cognizable under § 1983 as a

violation of the Fourth Amendment, provided the arrest was without probable cause or other justification.") (citation omitted); Cabrera v. City of Huntingdon Park, 159 F.3d 374, 380 (9th Cir. 1998) (to state a § 1983 claim for false arrest and imprisonment, plaintiff must demonstrate that there was no probable cause to arrest him).  In this regard, Plaintiff alleges that "[t]here was no probable cause that a crime had been committed for which Defendants or a law enforcement officer could arrest [him]," id. ¶ 18, and that "Defendants intentionally caused [him] to be arrested without a warrant."  Id. ¶ 28.  According to Plaintiff, he was falsely accused of assault and battery.  Id. ¶¶ 9-10.[1]

Even assuming for the sake of argument that Plaintiff has alleged sufficient facts to establish a deprivation of his Fourth Amendment rights, Plaintiff has failed to allege facts establishing that any Defendant acted "under color of law."  According to Plaintiff, Defendants are subject to liability under § 1983 pursuant to the "joint action test" because "state officials and private parties . . . have acted in concert to effectuate a particular deprivation of constitutional rights."  Pl.'s Opp. at 3.  However, the only allegations in the FAC that involve interaction between a state actor and a Defendant are Plaintiff's allegation that he was arrested by San Francisco Police Officers and taken into custody based on "the false allegations of . . . Judge," and his allegation that "Defendants and their agents conspired with San Francisco Police officers . . . to accomplish a violation of [his] constitutional rights by intentionally restricting [his] freedom of movement and causing his arrest."  FAC ¶¶ 10, 18.  Plaintiff's vague and conclusory allegations regarding the claimed conspiracy are insufficient to establish a cognizable conspiracy claim under § 1983.

---

[1] The Court notes that while Plaintiff alleges that there was no probable cause that he committed a crime (i.e., assault or battery), he admits that he "verbally responded to [Judge's] taunts while holding his neck tie." FAC ¶ 9. "A battery is any willful and unlawful use of force or violence upon the person of another." Cal. Penal Code § 242. "Even a slight touching may constitute a battery, if it is done in a rude or angry way. The force . . . need not be violent or severe, and it need not cause bodily harm or pain; rather [a battery] includes any wrongful act committed by means of physical force against the person of another. . . ." People v. Hernandez, 200 Cal.App.4th 1000, 1006 (2011) (citations and quotation marks omitted). " 'An assault is a necessary element of battery, and it is impossible to commit battery without assaulting the victim.' " People v. Colantuono, 7 Cal.4th 206, 216-217 (1994).

Even viewing the allegations in the light most favorable to Plaintiff, they do not support an inference that any Defendant conspired with a state actor to violate his constitutional rights.  Plaintiff has not alleged specific facts establishing an agreement or meeting of the minds between a state actor and any Defendant to cause a deprivation of his constitutional rights.  There are no allegations in the FAC showing a "substantial degree of cooperation" between a state actor and any Defendant.  Nor does the FAC allege specific facts demonstrating that any Defendant was a "willful participant" in joint action with a state actor.

Plaintiff's bare allegation that he was arrested by San Francisco Police officers based on the false allegations of Judge is insufficient to state a cognizable conspiracy claim under § 1983.  See Peng v. Mei Chin Penghu, 335 F.3d 970, 980 (9th Cir. 2003) ("a single request to the police, without more, [i]s not sufficient to establish a claim against a private actor pursuant to § 1983"); Collins v. Womancare, 878 F.2d 1145, 1154-1155 (9th Cir. 1989) ("[M]erely complaining to the police does not convert a private party into a state actor. . . . Nor is execution by a private party of a sworn complaint which forms the basis of an arrest enough to convert the private party's acts into state action.").  Indeed, providing false information to police officers, without more, does not make Judge a state actor under § 1983.  See Peng, 335 F.3d at 980 (finding that § 1983 claim was properly dismissed because individuals who allegedly gave false information to police leading to arrest were not state actors); Arnold v. Int'l. Bus. Machines Corp., 637 F.2d 1350, 1357-1358 (9th Cir. 1981) ("a person who supplies inaccurate information that leads to an arrest is not involved in joint activity with the state and, thus, not liable under section 1983"); Moore v. Marketplace Restaurant, Inc., 754 F.2d 1336, 1352 (7th Cir. 1985) ("providing false information to an arresting officer is not, by itself, sufficient to state a claim against that private party under § 1983.").  Accordingly, Defendants' motion to dismiss Plaintiff's § 1983 conspiracy claim is GRANTED with leave to amend.

///

///

### 2.     42 U.S.C. § 1981

Defendants contend that dismissal of Plaintiff's § 1981 claim is appropriate because Plaintiff has failed to allege any facts demonstrating that he was discriminated against based on his race or national origin.  Defs.' Mtn. to Dismiss at 6-7.

Section 1981 provides: "[a]ll persons . . . shall have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment. . . ."  42 U.S.C. § 1981(a).  Section 1981 prohibits discrimination by private actors as well as discrimination under color of law.  See 42 U.S.C. § 1981(c).  To establish a claim under § 1981, Plaintiff must allege facts showing: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute.  Keum v. Virgin America Inc., 781 F.Supp.2d 944, 954 (N.D. Cal. 2011); Harris v. Clearlake Police Dept., 2012 WL 3042942, at *9 (N.D. Cal. 2012) (citing Mian v. Donaldson, Lufkin & Jenrette Secs. Corp., 7 F.3d 1085, 1087 (2nd Cir. 1993)).

In support of his § 1981 claim, Plaintiff incorporates by reference all prior allegations in the FAC and then alleges as follows:

> Section 1981 provides that all persons within the jurisdiction of the United States shall have the same right to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens. . . .
>
> Plaintiff was subjected to false imprisonment and arrest because of his race and/or national origin.  Plaintiff's false imprisonment and arrest was authorized and/or ratified by the defendants.

FAC ¶¶ 20-21.

The Court finds that Plaintiff has satisfied the first requirement of establishing a § 1981 claim by alleging that he is a member of a racial minority group.  See FAC ¶ 1 ("Plaintiff . . . is of Mexican-American ancestry.").  However, apart from his conclusory assertion that he "was subjected to false imprisonment and arrest because of his race and/or

- 8 -

national origin," FAC ¶ 21, Plaintiff has pled no facts from which the Court can infer that any Defendant intentionally discriminated against him based on his race. General Bldg. Contractors Ass'n v. Pennsylvania, 458 U.S. 375, 391 (1982) ("§ 1981 . . . can only be violated by purposeful discrimination"). Plaintiff has not alleged a single fact that supports a reasonable inference that the conduct he was allegedly subjected to was racially motivated. Accordingly, Defendants' motion to dismiss Plaintiff's § 1981 is GRANTED with leave to amend.

**B.     Dismissal of Federal Claims as to Non-Moving Defendants**

A court "may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." Silverton v. Dep't of the Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981); see also Abaghinin v. Amvac Chem. Corp., 545 F.3d 733, 742-743 (9th Cir. 2008) ("As a legal matter, we have upheld dismissal with prejudice in favor of a party which had not appeared, on the basis of facts presented by other defendants which had appeared."). Although neither Judge nor Bourbon Steak joined Defendants' motion to dismiss or filed a separate motion to dismiss, the Court finds that dismissal of Plaintiff's federal claims as to these Defendants is appropriate because Judge and Bourbon Steak are in a position similar to that of Defendants[2] and the conclusions above apply with equal force them. Plaintiff's federal claims against Judge and Bourbon Steak are predicated on the same allegations as his federal claims against Defendants and suffer from the same deficiencies.

**C.     Remaining State Law Claims**

Federal court jurisdiction is limited to claims raising federal questions or involving parties with diverse citizenship. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). In this case, Plaintiff predicates this Court's subject matter jurisdiction on

---

[2] The FAC alleges that Defendant Judge is an "an agent and employee of Bourbon Steak and/or The Westin St. Francis Hotel." FAC ¶ 5.

his federal claims. See 28 U.S.C. § 1331. The Court's jurisdiction over his state law claims is based on supplemental jurisdiction. 28 U.S.C. § 1367(a).

At this juncture, the Court has dismissed Plaintiff's federal claims. Because it is presently unclear whether Plaintiff can state a cognizable federal claim by amending his pleading to allege facts demonstrating a plausible claim under § 1981 or § 1983, the Court will not engage at this time in an analysis of whether Plaintiff has pled a cognizable state law claim for false arrest/false imprisonment.[3] See Jalili v. Far East Nat. Bank, 2013 WL 1832648, at *7 (N.D. Cal. 2013) (Armstrong, J.) (granting motion to dismiss federal claims and declining to consider viability of state law claims pending plaintiff's amendment of the federal claims); see also Gusenkov v. Washington Mut. Bank, FA, 2010 WL 2612349, at *6 (N.D. Cal. 2010) (Illston, J.) (same).

The Court advises Plaintiff that if he does not timely amend his FAC within the time period specified below or is unable to amend his FAC to state a cognizable federal claim, the Court will dismiss his federal claims with prejudice and decline to exercise supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(c)(3); Ove v. Gwinn, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction.").

### D. Motion to Strike

Defendants move to strike the prayer for relief to the extent that Plaintiff seeks an award of punitive and exemplary damages against them. See Defs.' Mtn. to Strike. Defendants move to strike this portion of the FAC on the ground that Plaintiff has failed to allege facts supporting a claim for punitive damages. Id. at 4-5.

Under Federal Rule of Civil Procedure 12(f), the court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous

---

[3] The FAC alleges two state law claims for (1) assault and battery, and (2) false arrest/false imprisonment. See FAC ¶¶ 22-30. The instant motion only seeks dismissal of Plaintiff's claim for false arrest/false imprisonment.

matter." Fed.R.Civ.P. 12(f). "Rule 12(f) does not authorize a district court to strike a claim for damages on the ground that such damages are precluded as a matter of law." Whittlestone, Inc. v. Handi–Craft Co., 618 F.3d 970, 971 (9th Cir. 2010)

Defendants have not argued, let alone demonstrated, that the punitive and exemplary damages requested by Plaintiff should be stricken under Rule 12(f) on the ground that such damages are redundant, immaterial, impertinent, or scandalous matter. Instead, Defendants attempt to have a certain portion of the FAC dismissed. The Court finds that Defendants' request is more appropriately addressed through a Rule 12(b)(6) motion or a motion for summary judgment. See Whittlestone, 618 F.3d at 974 ("Handi-Craft's 12(f) motion to strike [Whittlestone's claim for lost profits and consequential damages] was really an attempt to have certain portions of Whittlestone's complaint dismissed or to obtain summary judgment against Whittlestone as to those portions of the suit - actions better suited for a Rule 12(b)(6) motion or a Rule 56 motion, not a Rule 12(f) motion."). Accordingly, Defendants' motion to strike is DENIED. See Martensen v. Koch, --- F.Supp.2d ----, 2013 WL 1820040, at *16 (N.D. Cal. 2013) (denying a Rule 12(f) request to strike a request for punitive damages under Whittlestone ); Finuliar v. BAC Home Loans Servicing, L.P., 2011 WL 4405659, at *14 (N.D. Cal. 2011) (same).

## IV.  CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Defendants' motion to dismiss is GRANTED IN PART as to Plaintiff's first claim under § 1983 and second claim under § 1981. Plaintiff is granted leave to amend to rectify the deficiencies discussed above. The Court will defer consideration of Plaintiff's state law claims until it is determined that Plaintiff has stated a cognizable federal claim.

2. Defendants' motion to strike is DENIED.

3. Plaintiff shall have twenty-one (21) days from the date this Order is filed to file a second amended complaint. Plaintiff is advised that any additional factual allegations set forth in his second amended complaint must be made in good faith and consistent with Rule 11.

4. This Order terminates Docket 17 and Docket 18.

IT IS SO ORDERED.

7/15/13

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge