UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ANDRES JIMENEZ,<br><br>       Plaintiff,<br><br>vs.<br><br>DTRS ST. FRANCIS, LLC, ST. FRANCIS HOTEL CORPORATION *(A.K.A. THE WESTIN ST. FRANCIS)*, DOES 1-25, inclusive,<br><br>       Defendants. | Case No: C 12-06411 SBA<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Docket 32 |

On December 18, 2012, Plaintiff Andres Jimenez ("Plaintiff") commenced the instant action against various Defendants alleging both federal and state law claims arising out of his arrest following an altercation with Michael Judge ("Judge") at The Westin Saint Francis hotel in San Francisco, California. Dkt. 1. The parties are presently before the Court on Defendants'[1] motion to dismiss the second amended complaint ("SAC").[2] Dkt. 32. Plaintiff opposes the motion with respect to his federal claim but does not oppose the motion with respect to his state law claims. Dkt. 34. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Defendants' motion to dismiss, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

---

[1] The Defendants are DTRS St. Francis, LLC ("DTRS St Francis") and St. Francis Hotel Corporation (*A.K.A. The Westin St. Francis*) ("St. Francis Hotel") (collectively, "Defendants").

[2] Unlike the first amended complaint ("FAC"), the SAC does not allege claims against Bourbon Steak or Judge.

**I.      BACKGROUND**

Plaintiff is a Mexican-American male.  SAC ¶ 3.  He resides in Oakland, California.  Id.  Defendants are Delaware corporations that operate The Westin St. Francis hotel located at 335 Powell Street, San Francisco, California.  Id. ¶¶ 4-5.

Plaintiff alleges that on or about March 17, 2012, he and his guest were harassed by Judge and falsely accused of "inappropriate behavior" while dining at the Bourbon Steak restaurant.[3]  SAC ¶ 8.  Following this incident, Plaintiff formally complained about Judge's conduct to the management of Bourbon Steak and The Westin St. Francis.  Id.

Plaintiff further alleges that on the evening of May 25, 2012,[4] he was verbally taunted by Judge as he was passing through the lobby of The Westin St. Francis.  SAC ¶ 9.  Later that same evening, Judge allegedly taunted Plaintiff again as he was leaving the hotel.  Id.  In response, Plaintiff approached Judge and "verbally responded while *touching* his neck tie."[5]  Id. (emphasis added).

As he was exiting the hotel, Plaintiff alleges that he was "tackled to the ground by two hotel security guards" who "violently ripped off [his] glasses and [his] conference I.D. badge (identifying him as Mexican-American) and handcuffed him causing bodily injury."  SAC ¶ 10.  Plaintiff asserts that he was "civilly arrested for the purpose of attempting to justify the unlawful use of force (assault and battery)."  Id.  Plaintiff was subsequently taken into custody by San Francisco Police officers and held overnight at the County Jail.  Id.

---

[3] The Bourbon Steak is located in The Westin St. Francis.

[4] On that evening, Plaintiff was wearing a lapel pin with a Mexican flag and an American flag joined together.  SAC ¶ 9.  He was also wearing an ID badge that identified his association with the "Latin American Studies Association Congress."  Id.

[5] In the FAC, Plaintiff alleged that he approached Judge and "verbally responded to [his] taunts while *holding* his neck tie."  FAC ¶ 9 (emphasis added).

On the morning of May 26, 2012, Plaintiff was released from custody and issued a citation "notifying him he was arrested for misdemeanor battery." SAC ¶ 10. However, criminal charges were not filed against Plaintiff. See id.

On or about May 27, 2012, Plaintiff contacted "agents" of The Westin Saint Francis and complained about his treatment and arrest on May 25, 2012. SAC ¶ 12. Plaintiff was informed by the "agents" that his complaint would be investigated. Id. Plaintiff has "information and believes that his complaint was investigated and Defendants ratified the conduct of the two security guards." Id.

## II.  LEGAL STANDARD

Pleadings in federal court are governed by Federal Rule of Civil Procedure 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).

Although a complaint "does not need detailed factual allegations" to survive a motion to dismiss, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id. at 557. A complaint must contain factual allegations sufficient to rise above the "speculative level." Id. It "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quotation marks omitted).

In determining whether a complaint states a claim for relief, the court "accept[s] all factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 900 (9th Cir. 2007). However, a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Sciences Securities Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Where a complaint or claim is dismissed, "[l]eave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts." Knappenberger v. City of Phoenix, 566 F.3d 936, 942 (9th Cir. 2009).

## III.   DISCUSSION

### A.   Federal Claim

Defendants contend that dismissal of Plaintiff's § 1981 claim is appropriate because Plaintiff has failed to allege any facts demonstrating that he was discriminated against because of his race or national origin. Defs.' Mtn. at 4-5.

Section 1981 provides: "[a]ll persons . . . shall have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment. . . ." 42 U.S.C. § 1981(a). Section 1981 prohibits discrimination by private actors as well as discrimination under color of law. See 42 U.S.C. § 1981(c). To establish a claim under § 1981, Plaintiff must allege facts showing: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute. Keum v. Virgin America Inc., 781 F.Supp.2d 944, 954 (N.D. Cal. 2011); Harris v. Clearlake Police Dept., 2012 WL 3042942, at *9 (N.D. Cal.

2012) (citing <u>Mian v. Donaldson, Lufkin & Jenrette Secs. Corp.</u>, 7 F.3d 1085, 1087 (2nd Cir. 1993)).

In support of his § 1981 claim, Plaintiff incorporates by reference all prior allegations in the SAC and then alleges as follows:

> Section 1981 provides that all persons within the jurisdiction of the United States shall have the same right to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens. . . .
>
> Plaintiff was subjected to unequal treatment because of his race and/or national origin. Plaintiff's false imprisonment and arrest was authorized and/or ratified by the defendants.

SAC ¶¶ 17-18.

The Court finds that Plaintiff has satisfied the first requirement of establishing a § 1981 claim by alleging that he is a member of a racial minority group. <u>See</u> SAC ¶ 3 ("Plaintiff . . . is of Mexican-American ancestry."). However, Plaintiff has failed to allege facts from which the Court can reasonably infer that he was intentionally discriminated against based on his race and/or national origin. <u>General Bldg. Contractors Ass'n v. Pennsylvania</u>, 458 U.S. 375, 391 (1982) ("§ 1981 . . . can only be violated by purposeful discrimination"). Plaintiff has not alleged any facts substantiating his bare assertion that he was "subjected to unequal treatment because of his race and/or national origin." <u>See</u> <u>Iqbal</u>, 556 U.S at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Here, the SAC alleges that Plaintiff was identifiable as a Mexican-American at the time he was allegedly assaulted by two hotel security guards. SAC ¶ 11. It further alleges that Plaintiff "has information and believes" that the security guards have a custom and practice of detaining "whites" without resorting to immediate use of force, and that, if he was not identifiable as a minority, he would have been treated differently, i.e., the security guards would not have used violence and physical force to detain him. <u>Id.</u> According to Plaintiff, "Defendants" knew his race and/or national origin because: (1) "it was apparent," (2) "[he] was wearing a Mexican flag pin," and (3) "[he] was . . . wearing an identification

badge showing he was affiliated with a Hispanic organization."  Pl.'s Opp. at 3; see also SAC ¶¶ 9-10.

While the allegations in support of Plaintiff's § 1981 claim are not unrealistic or nonsensical, the mere fact that Plaintiff is identifiable as a Mexican-American, without more, is insufficient to raise a plausible inference that the two hotel security guards acted with the intent or purpose of discriminating against him because of his race and/or national origin.  See Mesumbe v. Howard University, 706 F.Supp.2d 86, 92 (D.D.C. 2010) ("To plead intentional discrimination, plaintiff cannot merely invoke his race in the course of a claim's narrative and automatically be entitled to pursue relief.  Rather, plaintiff must allege some facts that demonstrate that race was the reason for defendant's action.").  The SAC is devoid of factual content demonstrating that the security guards' conduct was racially motivated.  Plaintiff has not alleged any facts showing that race was the reason for the security guards' actions.  Nor has Plaintiff cited any authority holding that merely being identifiable as a minority, standing alone, is sufficient to establish purposeful discrimination on the basis of race to survive a motion to dismiss.  Accordingly, because the allegations in the SAC fall short of the pleading standard established in Iqbal and Twombly, Defendants' motion to dismiss Plaintiff's § 1981 claim is GRANTED.  Because the Court has already granted Plaintiff leave to amend to allege sufficient facts giving rise to a plausible inference of intentional discrimination on the basis of race and he has failed to do so, Plaintiff's § 1981 claim is dismissed with prejudice.

**B.     State Law Claims**

Defendants move to dismiss Plaintiff's state law claims for assault and battery and false arrest/false imprisonment.  Defs.' Mtn. at 5-7.  In response, Plaintiff requests that the Court dismiss these claims without prejudice.  Pl.'s Opp. at 4.  Accordingly, Defendants' motion to dismiss Plaintiff's second and third claims is GRANTED.  These claims are dismissed without prejudice.

**IV.    CONCLUSION**

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Defendants' motion to dismiss is GRANTED. Plaintiff's first claim is dismissed with prejudice. Plaintiff's second and third claims are dismissed without prejudice.

2. The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated: 11/6/2013

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge